Russell Brown
CHAPTER 13 TRUSTEE
Suite 800
3838 North Central Avenue
Phoenix, Arizona 85012-1965
602.277.8996

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re | Chapter 13 |
| KEITH J. FEINSTADT, | Case No. 2-19-bk-02379-DPC |
| Debtor. | **TRUSTEE'S RECOMMENDATION ON FIRST AMENDED PLAN** |
| | Deadline is December 20, 2019 |

The Trustee has reviewed the Plan, Schedules, and Statement of Financial Affairs.

Subject to the resolution of the following issues, the Plan will meet Code requirements and the Trustee will recommend confirmation:

(1) Nationstar Mortgage LLC, filed an objection to the original plan. Though the amended plan revises treatment of the secured claim, the creditor's original objection is deemed to apply to the amended plan pursuant to 11 U.S.C. § 1323(c) since the objection has not been withdrawn. The secured creditor must sign the order confirming first amended plan, or file a withdrawal of the objection to confirmation.

(2) The Debtor schedules Arizona Home Foreclosure Prevention as a second mortgage creditor. However, the proposed Plan fails to treat the secured creditor. An explanation is required.

(3) **Plan payment status:** The Debtor must cure the delinquency of $550.00 no later than December 20, 2019.

(4) Other requirements:

(a) Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between relevant claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee. Also, when counsel provides a proposed order confirming plan to the Trustee, counsel must file or create a notice on the Court docket. L.R.B.P. 2084-13(b).

(b) Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

(c) The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

(d) The Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

(e) To expedite the order review process, counsel must use the recommended form for the order confirming plan found at www.chapter13.info.

(f) The order confirming plan **must** be accompanied by a cover letter that goes over the Trustee's Recommendation items by each paragraph. If counsel fails to use the order form and provide such letter, the Trustee will reject the proposed order outright and the time to comply with the Recommendation is not extended.

(g) Any order confirming plan to provide that the Debtor will give the Trustee a copy of the 2019 - 2021 federal and state income tax returns, including all attachments, forms, schedules and statements, within 14 days of filing them.

- 2 -

(h) Nothing in the Plan or Order Confirming Plan is to alter counsel's obligation to represent the Debtors. Counsel is to represent the Debtor(s) in all matters regardless of the fee agreement until the Court issues an order permitting counsel to withdraw or the case is closed.

(i) According to Paragraph II.H.3. of the "Administrative Procedures for Electronically Filed Cases," as governed by Local Rule 5005-2(e), the Debtors' attorney is to retain the original signatures of all signatories to the Stipulated Order Confirming Plan (other than that of the Trustee). Pursuant to Local Rule 2084-13(c), the Trustee will upload the proposed Order Confirming a plan or granting a motion for a moratorium.

(j) The proposed order confirming plan, any responses to this recommendation, and documents submitted in response to this recommendation are to be submitted to the applicable case administrator in the Trustee's office.

SUMMARY: Pursuant to Local Rule 2084-10(b), by December 20, 2019, Debtor is to resolve all of the above issues and provide the Trustee with a proposed order confirming first amended plan that meets the above requirements, or the Debtor must file an objection to the Recommendation and obtain a hearing date. If neither is accomplished, then the Trustee could file a notice of intent to lodge a dismissal order.

Russell Brown
2019.11.19
10:06:38 -07'00'

Copy mailed or emailed to:

KEITH J. FEINSTADT
15632 WEST AZALEA LANE
SURPRISE, AZ 85374

BUTLER LAW OFFICE
406 EAST SOUTHERN AVENUE
TEMPE, AZ 85282-2674

Jessica Morales
2019.11.19
10:59:33 -07'00'

*jmorales@ch13bk.com*